USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 19, 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
                                      :

UNITED STATES OF AMERICA           :

                                      :

                                      :               13-cr-58 (KBF)

               -v-                         :

                                      :          OPINION & ORDER

                                      :

OSCAR NORIEGA,                    :

                     Defendant.    :

                                        :
--------------------------------------------------------------X

KATHERINE B. FORREST, District Judge:

      In a letter dated January 26, 2015, defendant Oscar Noriega asked the Court to intervene in the denial of a one year placement in a halfway house—or Residential Reentry Center ("RRC")—that he says is available according to the Second Chance Act of 2007, Pub L. No. 110-199 (2008) (the "Second Chance Act"). This Court does not have such authority and DENIES the motion.

      On January 14, 2014, Noriega was sentenced by this Court to 53 months' imprisonment and three years' supervised release, after he pled guilty to participating in a conspiracy to commit Hobbs Act robberies, in violation of 18 U.S.C. § 1951. Noriega is serving his sentence at the Federal Correctional Institutional at Big Spring, which is located in the Northern District of Texas. Noriega states that he has been approved to be released into a halfway house for 150-180 days, but that this Court should intervene by placing him there for a full year.

The transfer of inmates to RRCs is governed by 18 U.S.C. § 3624(c)(1), as amended by the Second Chance Act.  Inmates are considered for RRC placement on an individual basis in a manner consistent with the criteria established at 18 U.S.C. § 3621(b).  The Second Chance Act increased the maximum period of RRC placement from six to twelve months.  However, "'the BOP retains discretion under the Second Chance Act to decide whether and when an inmate should be placed at an RRC.'"  United States v. Accardi, No. 11 Cr. 12 (RMB), 2013 WL 1903559, at *1 (S.D.N.Y. May 7, 2013) (quoting Pasonick v. Strada, No. 12 Civ. 6204 (SLT), 2013 WL 431332, at *2 (E.D.N.Y. Feb. 4, 2013)).  "[W]hile the statute allows for a maximum of twelve months in an RRC placement, it is clear that the recommendation for such placement is discretionary."  Bernard v. Roal, 716 F. Supp. 2d 354, 359 (S.D.N.Y. 2010) (citation omitted); see also Mitts v. Strada, No. 12 cv 5538 (RRM), 2013 WL 764739, at *3 (E.D.N.Y. Feb. 28, 2013) (the laws "grant the BOP broad discretion over inmate placement, and permit the BOP to make placement decisions in light of available resources.").  There is no automatic entitlement to RRC placement for any length of time.

In addition, if the BOP makes a decision adverse to a prisoner, that prisoner is required to exhaust the administrative remedy grievance procedures at the prison before seeking judicial intervention.  See 28 C.F.R. § 542.10.  There is no evidence that Noriega has undertaken these remedies.  Moreover, if and when Noriega does exhaust these procedures, judicial review of the BOP's decision does not rest in this Court; rather, the appropriate avenue for Noriega to seek review is through filing a

petition for habeas corpus in the district where he is confined, pursuant to 28 U.S.C.

§ 2241. See, e.g., Fournier v. Zickefoose, 620 F. Supp. 2d 313 (2009) (reviewing

challenge to halfway house placement at district of confinement, pursuant to 28

U.S.C. § 2241).

      Accordingly, the defendant's motion is DENIED.


Dated:      New York, New York
              February 19, 2015

_____
      KATHERINE B. FORREST
      United States District Judge


cc:
Oscar Noriega
Reg. No. 67880-054
FCI BIG SPRING
1900 Simler Ave.
Big Spring, TX 79720